# Waynesboro Mutual Fire Insurance Co. *versus* Creaton.

98　　451
f38SC　602

1. Where a loss occurs under a policy of insurance against fire, and suit is brought on the policy, the valuation in the policy is not the controlling proof of actual value, but the jury must find from the evidence what the actual value of the building was, and that must not be what it would cost to rebuild, but what is shown to be its money value under all the circumstances of its situation and surroundings at time of the fire.

2. Where the plaintiff presents a point, embodying the above principles as a rule for adjusting the loss, it is error for the court to answer it by charging that the jury are at liberty to adjust the loss upon the proofs before them.

June 20th 1881. Before SHARSWOOD C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Cameron county:* Of May Term 1881, No. 64.

Debt, by John Creaton against The Waynesboro Mutual Fire Insurance Company, upon a policy of insurance dated May

14th 1878, for $1,000, on a certain building in the town of Emporium belonging to the plaintiff.

On the trial, before WILLIAMS, P. J., it appeared that the policy contained, inter alia, the following clause:

"15. In case differences of opinion should arise between the parties hereto, as to the amount of any loss or damage under this policy, or the relative condition or value of any property rebuilt, repaired or replaced by the company, the subject shall be submitted to the judgment of two disinterested and competent men, each party selecting one, [and in case of disagreement they to select a third] and the award in writing of such appraisers, or any two of them, shall be binding and conclusive upon the matter so submitted, upon both parties to this policy."

After the date of the policy plaintiff effected another insurance for $1,000 upon the same premises in the Susquehanna Insurance Company.

On August 1st 1878, the insured premises were totally destroyed by fire. The plaintiff and the company defendant differing as to the value of the destroyed premises, the matter was referred to John W. Kriner and John Norris, who found that they were worth $2,107.91. The company declining to pay plaintiff the full amount of the face of his policy, he then brought this suit.

Defendant requested the Court to charge, inter alia: 12. The valuation in the policy is not the controlling proof of actual value, but the jury must find from the whole evidence what the actual value of the building was, and that must be not what it would cost to rebuild but what is shown to be its money value under all the circumstances, of its situation and surroundings at time of fire. *Answer:* "If the jury find that there was actual submission of this loss to the determination of arbitrators, and such determination has been made without fraud on the part of the plaintiff or the arbitrators or gross mistake—it is binding upon both parties. If there was no actual agreement to submit the adjustment to Norris and Kriner, but they were employed to make an estimate as proof of loss, then the value put by them on the building is not conclusive, and the jury are at liberty to adjust this loss upon the proofs before them. The policy sued on was concurrent with another of same amount. The defendant would be liable, therefore, in that event, for only half the actual loss incurred. For example: if the building was found to be worth $1,200 defendant would be liable for one-half that amount, and interest thereon."

Verdict and judgment for the plaintiff in the sum of $1,120. Defendant thereupon took this writ, assigning for error, inter alia, the answer of the court to its twelfth point as above.

[Sherwood *v.* Yeomans.]

*Joseph Douglas* and *J. C. Johnson*, for plaintiff in error.

*Newton* and *Green*, for defendant in error.

Mr. Justice GREEN delivered the opinion of the court, October 3d 1881.

We find no serious error in this record until we come to the answer of the court below to the defendant's twelfth point. This point called upon the court to lay down a rule to govern the jury in fixing the value of the building, and it should have been affirmed. The answer neither affirms nor denies the point. In fact, it cannot be said to be responsive. We have no fault with that part of it which says: "If the jury find that there was actual submission of this loss to the determination of arbitrators, and such determination has been made without fraud on the part of the plaintiff, or the arbitrators, or gross mistake, it is binding upon both parties." After stating the converse of this proposition the learned judge said: "Then the value put by them upon the building is not conclusive, and the jury are at liberty to adjust this loss upon the proofs before them." But how adjust the loss upon the proofs before them? It was just here the point was intended to indicate the rule, and the answer wholly fails to furnish it. This was error.

Judgment reversed and a venire facias de novo awarded.